| | |
|---|---|
| JOSEPH D. ROBINSON, Individually as ) | |
| Father and Legal Guardian of the Minor Child ) | |
| E.R.; and BRANDY T. ROBINSON, ) | |
| Individually as Mother and Legal Guardian of ) | |
| the Minor Child E.R., and as Next of Friends ) | |
| of E.R., a Minor Child, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No.  3:19-cv-00017 |
| ) | VARLAN/GUYTON |
| ALCOA CITY SCHOOLS BOARD OF ) | JURY DEMAND |
| EDUCATION d/b/a ALCOA CITY ) | |
| SCHOOLS; DR. BRIAN BELL, Individually ) | |
| and as Director of Alcoa City Schools; ) | |
| MICHELLE KNIGHT, Individually and as ) | |
| Principal of Alcoa Intermediate School; ) | |
| SCOTT PORTER, Individually and as ) | |
| Principal of Alcoa Middle School; ) | |
| JOSH STEPHENS, Individually and as ) | |
| Athletic Director of Alcoa City Schools; and ) | |
| BRIAN GOSSETT, Individually and as an ) | |
| Employee of Alcoa City Schools, ) | |
| ) | |
|     Defendants. ) | |

**ANSWER**

Defendants, Alcoa City Schools Board of Education d/b/a Alcoa City Schools; Dr. Brian
Bell, individually and as Director of Alcoa City Schools; Michelle Knight, individually and as
Principal of Alcoa Intermediate School; Scott Porter, individually and as Principal of Alcoa Middle
School; Josh Stephens, individually and as Athletic Director of Alcoa City Schools; and Brian
Gossett, individually and as an employee of Alcoa City Schools (hereinafter "Defendants") hereby
appear, by and through counsel, and answers the Complaint filed against them by the Plaintiffs as
follows:

1.      It is admitted that the minor Plaintiff, E.R., joined by his parents and next of friends, Joseph D. Robinson and Brady Robinson have filed this action, have made various claims, and seek recovery for damages E.R. has allegedly suffered.  It is denied the Plaintiffs are entitled to said damages or a recovery on any grounds against these Defendants.  It is further denied these Defendants violated the Educational Amendments of 1972 (Title IX), 42 U.S.C. § 1983 or any federal and/or state laws related to the incident described in their Complaint.  The individually-named Defendants affirmatively deny that Title IX authorizes suits against individuals and they affirmatively maintain that as a matter of law they may not be sued for any alleged Title IX violation(s).  It is denied that these Defendants are liable to the Plaintiffs for damages in any amount, including punitive damages.  Any remaining allegations contained in Paragraph 1 are denied, with strict proof demanded thereof.

2.      No objection is raised as to the jurisdiction of the Court over the Plaintiffs' claims raised pursuant to the Educational Amendments of 1972 (Title IX), 20 U.S.C. § 1681, et seq., or 14th Amendment to the United States Constitution under 42 U.S.C. § 1983.  In the event the federal claims are dismissed by this Court, then these Defendants ask the Court to decline to exercise supplemental jurisdiction over any remaining state law claims that might exist.  These Defendants specifically deny they violated any of the federal and/or state laws as alleged in the Plaintiffs' Complaint.

3.      Responding to the allegations contained in Paragraph 3 of the Complaint, these Defendants admit only that this Court, in its discretion, may exercise supplemental jurisdiction over the state law claims alleged in the Complaint in accordance with 28 U.S.C. § 1367 if, and only if, any state law claims are properly pled.  These Defendants respectfully request that the

Court exercise its discretion and deny supplemental jurisdiction over any and all state law claims for the reasons codified in 28 U.S.C. § 1367.

4.      No objection is raised as to venue in this Court.  These Defendants deny any liability to the Plaintiffs and deny the Plaintiffs incurred any damages as a result of any action or inaction taken by the Defendants.

5.      These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 4 as set out above.  To the extent these Defendants have not specifically admitted or denied an allegation in Paragraphs 1 through 4, then said claims, allegations and/or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

6.      Upon information and belief, the allegations contained in Paragraph 6 are admitted.

7.      Upon information and belief, it is admitted Brandy Robinson is a citizen and resident of Blount County, Tennessee.  It is admitted she is a natural parent of E.R.  These Defendants lack sufficient knowledge or information to formulate a belief as it relates to those claims raised by Joseph Robinson, therefore, those allegations are denied.

8.      The allegations contained in Paragraph 8 are admitted.  No objection is raised as to service of process on the School Board.

9.      The allegations contained in Paragraph 9 of the Complaint are admitted.

10.      Regarding the allegations contained in Paragraph 10 of the Complaint, it is admitted that Defendant Dr. Brian Bell is a resident of Blount County, Tennessee, and at all times relevant was the Director of ACS and employed by and acting in the course and scope of his employment with Defendant ACBE.  It is denied that service of process may be affected on John E. Owings as it relates to any claims brought against Dr. Brian Bell individually.

11.     Regarding the allegations contained in Paragraph 11 of the Complaint, it is admitted that Defendant Michelle Knight is a resident of Blount County, Tennessee, and at all times relevant was the Principal of AIS and employed by and acting in the course and scope of her employment with Defendant ACBE.  It is denied that service of process may be affected on John E. Owings as it relates to any claims brought against Michelle Knight individually.

12.     Regarding the allegations contained in Paragraph 12 of the Complaint, it is admitted that Defendant Scott Porter is a resident of Blount County, Tennessee, and at all times relevant was the Principal of AMS and employed by and acting in the course and scope of his employment with Defendant ACBE.  It is denied that service of process may be affected on John E. Owings as it relates to any claims brought against Scott Porter individually.

13.     Regarding the allegations contained in Paragraph 13 of the Complaint, it is admitted that Defendant Josh Stephens is a resident of Blount County, Tennessee, and at all times relevant was the Athletic Director of ACS and employed by and acting in the course and scope of his employment with Defendant ACBE.  It is denied that service of process may be affected on John E. Owings as it relates to any claims brought against Josh Stephens individually.

14.     Regarding the allegations contained in Paragraph 14 of the Complaint, it is admitted that Defendant Brian Gossett is a resident of Blount County, Tennessee, and at all times relevant was the Head Coach of Alcoa High School and the AMS boys' wrestling team and employed by and acting in the course and scope of his employment with Defendant ACBE.  It is denied that service of process may be affected on John E. Owings as it relates to any claims brought against Brian Gossett individually.

15.     These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 14 as is set out above.  To the extent

these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 14, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

16.     Responding to the allegations contained in Paragraph 16 of the Complaint, it is admitted only that there are staggered dismissal times for the intermediate, middle, and high schools.   Any remaining allegations contained in Paragraph 16 are denied, with strict proof demanded thereof.

17.     The allegations contained in Paragraph 17 of the Complaint related to a parent assisting with supervision is admitted to the extent volunteer supervision does occur from time to time.   These Defendants are without sufficient knowledge or information regarding what the Plaintiffs are alleging with specificity in the remaining portions of Paragraph 17 as it is devoid of times, dates or any other information that would provide these Defendants context in order to determine what the Plaintiffs are referring to.   As such, the remaining allegations in Paragraph 17 of the Complaint are denied.   These Defendants admit that the issue of supervision is one that is consistently addressed and acknowledged as being of importance, especially in light of the realistic situation that occurs on a daily basis where staff/faculty personnel are greatly outnumbered by the student population.

18.     The allegations contained in Paragraph 18 of the Complaint are denied as written. It is admitted that Defendant Dr. Bell routinely reminds ACS staff of the importance of supervision and that students should be supervised at all times.

19.     The allegations contained in Paragraph 19 of the Complaint are denied, with strict proof demanded thereof.

20.     It is denied that on January 11, 2018 at approximately 3:30 p.m., E.R. was in the AMS gym. These Defendants admit and maintain only that on the date and the approximate time referenced by the Plaintiffs, E.R. was in the AHS gym. All remaining allegations contained in Paragraph 20 of the Complaint are denied, with strict proof demanded thereof.

21.     These Defendants admit that at or about 3:41 p.m., E.R. and another student wrestled and they went down. Upon information and belief, it is admitted that E.R. called his mother Brandy Robinson, and that law enforcement arrived on the scene. These Defendants are without sufficient information and/or knowledge to either confirm or deny the remaining allegations contained in Paragraph 21 of the Complaint. Therefore, for the purposes of this answer at this time, the allegations are denied with strict proof demanded thereof.

22.     Upon information and belief, it is admitted that E.R. went to the New Hope Blount County Children's Advocacy Center where he participated in a forensic interview. The remaining allegations contained in Paragraph 22 of the Complaint are currently outside the course and scope of knowledge of these Defendants except for subpart (m). Therefore, for the purposes of this answer at this time, the allegations in Paragraph 22 and all subparts (a) through (l) are denied, with strict proof demanded thereof. With regard to subpart (m), it is admitted that the Plaintiff, E.R., was thanked by Coach Gossett when he turned in his uniform. The remaining portions of subpart (m) are denied as written and strict proof is required thereof.

23.     The allegations contained in Paragraph 23 are denied, with strict proof demanded thereof.

24.     It is admitted while as a student, E.R. has had discipline issues and documented problems providing the truth regarding his interactions with fellow students. The allegation contained in Paragraph 24 are denied as written, with strict proof demanded thereof. These

Defendants specifically deny that no action was ever taken by the ACS as it relates to complaints made by E.R. regarding his fellow classmates.

25.     Paragraph 25 of the Complaint fails to state a claim against these Defendants; therefore, no answer is warranted and none is given. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. To the extent Paragraph 25 of the Plaintiffs' Complaint misquotes, misstates, or otherwise inaccurately cites portions of the AMS Student Handbook and/or the school's bullying policy, or to the extent the Complaint sets out portions of the handbook or policy without context and guidance of other relevant portions of the original writing, said allegations are denied.  The writing referenced in Paragraph 25 of the Complaint speaks for itself.

26.     Paragraph 26 of the Plaintiffs' Complaint fails to state a claim upon which relief may be granted against these Defendants.  To the extent the Plaintiffs may allege it somehow does, then said claim or claims are denied and strict proof is demanded thereof.

27.     Paragraph 27 of the Complaint fails to state a claim against these Defendants; therefore, no answer is warranted and none is given.  To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. To the extent Paragraph 27 of the Plaintiffs' Complaint misquotes, misstates, or otherwise inaccurately cites portions of the Alcoa City Board of Education Policy Manual, or to the extent the Complaint sets out portions of the Alcoa City Board of Education Policy Manual without context and guidance of other relevant portions of the original writing, said allegations are denied.  The writing referenced in Paragraph 27 of the Complaint speaks for itself.

28.     The allegations contained in Paragraph 28 of the Complaint are denied, with strict proof demanded thereof.

29.     Paragraph 29 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 29 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 29 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

30.     Paragraph 30 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 30 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 30 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

31.     Paragraph 31 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 31 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 31 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

32.     Paragraph 32 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then

said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 32 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 32 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

33.     Paragraph 33 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 33 of the Plaintiffs' Complaint are outside the course, scope and knowledge of this Defendant. As this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 33 of the Plaintiffs' Complaint are denied and strict proof is required thereof. Additionally, these Defendants do not know what "coach" the Plaintiffs are referring to in Paragraph 33 of the Complaint.

34.     Responding to the allegations contained in the first sentence of Paragraph 34 of the Plaintiffs' Complaint, said allegations are outside the course, scope and knowledge of this Defendant. As this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in the first sentence of Paragraph 34 of the Plaintiffs' Complaint are denied and strict proof is required thereof. Responding to the allegations contained in the second sentence of Paragraph 34, it is admitted only that E.R. was allowed to do his work in Dr. Bledsoe's office as he had done in the past.

35.     The allegations contained in Paragraph 35 of the Plaintiffs' Complaint are outside the course, scope and knowledge of this Defendant. As this Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 35 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

36. The allegations contained in Paragraph 36 of the Plaintiffs' Complaint are outside the course, scope and knowledge of this Defendant. As this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 36 of the Plaintiffs' Complaint are denied and strict proof is required thereof. These Defendants maintain that they are not liable to the Plaintiffs for any of the alleged injuries or damages as set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 37 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 37 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

38. Paragraph 38 of the Complaint fail to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 38 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 38 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

39.     Paragraph 39 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 39 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 39 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

40.     Paragraph 40 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 40 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 40 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

41.     Paragraph 41 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, it is admitted that on February 16, 2018, Plaintiffs' counsel was advised by letter from attorney John E. Owings of Owings, Wilson & Coleman that he was general counsel for Defendants ACBE, ACS and the Alcoa City Police Department and to direct all communications to him.  These Defendants maintain that the letter sent on February 16, 2018 speaks for itself, and to the extent the Plaintiffs may be submitting an opinion, restatement, or characterization that is in whole or in part inaccurate or taken out of context, then said assertions are denied and strict proof is required thereof.  It is

further specifically denied that a conflict of interest exists between the Owings firm and any of the parties to the instant action.

42.     Paragraph 42 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, it is admitted that on February 16, 2018, Plaintiffs' counsel and attorney Owings spoke by phone. It is admitted that on February 16, 2018, Plaintiffs' attorney sent a letter via e-mail to attorney Owings. These Defendants maintain that the e-mail sent on February 16, 2018 speaks for itself, and to the extent the Plaintiffs may be submitting an opinion, restatement, or characterization that is in whole or in part inaccurate or taken out of context, then said assertions are denied and strict proof is required thereof. It is further specifically denied that it was common knowledge that the auxiliary gym was often unsupervised.

43.     Paragraph 43 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. Further, the allegations contained in Paragraph 43 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 43 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

44.     Paragraph 44 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 44 of the Plaintiffs' Complaint are outside the course, scope and knowledge of this Defendant. As this Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations raised, the allegations raised in Paragraph 44 of the Plaintiffs' Complaint are denied and strict proof is required thereof.

45.     Paragraph 45 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, these Defendants maintain that Plaintiffs' attorney's letter to attorney Owings dated February 28, 2018, speaks for itself.  To the extent Paragraph 45 of the Complaint misquotes, misstates or otherwise inaccurately cites said February 28, 2018 correspondence, or to the extent the Complaint sets out portions of this correspondence without context and guidance of other relevant portions of the original writing, said allegations are denied.

46.     Paragraph 46 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, to the extent Paragraph 46 of the Plaintiffs' Complaint misquotes, misstates or otherwise inaccurately cites portions of attorney Owings' March 1, 2018 letter, or to the extent the Complaint sets out portions of said letter without context and guidance of other relevant portions of the original writing, said allegations are denied.  The correspondence referenced in Paragraph 46 of the Complaint speaks for itself.  As to the statements in said correspondence that are attributable to the minor Plaintiff, E.R., said statements are outside the course, scope and knowledge of these Defendants.  As these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations raised, the allegations raised in Paragraph 46 that are attributable to the minor Plaintiff E.R. are denied and strict proof is required thereof.

47. Paragraph 47 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, to the extent Paragraph 47 of the Complaint misquotes, misstates or otherwise inaccurately cites portions of the March 1, 2018 communication from attorney Owings to Plaintiffs' counsel, or to the extent the Complaint sets out portions of this correspondence without context and guidance of other relevant portions of the original writing, said allegations are denied. The writing referenced in Paragraph 47 of the Complaint speaks for itself.

48. Paragraph 48 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, to the extent Paragraph 48 of the Complaint misquotes, misstates or otherwise inaccurately cites portions of the March 7, 2018 communication from attorney Owings and his law partner, attorney Shelly Wilson, to Plaintiffs' counsel, or to the extent the Complaint sets out portions of this correspondence without context and guidance of other relevant portions of the original writing, said allegations are denied. The writing referenced in Paragraph 48 of the Complaint speaks for itself.

49. Paragraph 49 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, the allegations contained in Paragraph 49 of the Plaintiffs' Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations raised, the allegations raised in Paragraph 49 of Plaintiffs' Complaint are denied and strict proof is required thereof.

50.     Paragraph 50 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, to the extent the allegations contained in Paragraph 50 are construed as stating a claim against these Defendants, it is admitted that on March 14, 2018, Plaintiffs' attorney wrote a letter to attorney Owings.  These Defendants maintain that Plaintiffs' attorney's March 14, 2018 letter speaks for itself, and to the extent Plaintiffs may be submitting an opinion, restatement or characterization that is in whole or in part inaccurate or taken out of context, then said assertions are denied and strict proof is required thereof.

51.     Paragraph 51 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. To the extent the Plaintiffs should argue or submit it does, then said claim or claims are denied and strict proof is demanded thereof. Further, to the extent the Court deems an answer is warranted, the allegations are denied as written.  As attorney Owings and/or Wilson explained to Plaintiffs' counsel multiple times, he would be informed of the status of the APD investigation once it was completed.  As the APD investigation is on-going and thus not completed, there has been nothing to advise the Plaintiffs of.

52.     Responding to the allegations contained in Paragraph 52 of the Complaint that pertain to ACS, said allegations are denied as written.  As the Plaintiffs, through their attorney, have been informed, the investigation is ongoing, and Plaintiffs, through their attorney, will be notified by the proper agency when the investigation is complete.  The Plaintiffs, through their attorney, should realize the proper protocol for an alleged victim of a crime would be to speak with and obtain information from the Blount County D.A.'s office, an organization which these Defendants have no authority over.  The allegations regarding the Alcoa Police Department are

outside the course, scope and knowledge of these Defendants. As these Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the Alcoa Police Department, the allegations are denied and strict proof is required thereof.

53. These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 52 as is set out above. To the extent these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 52, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

54. It is admitted Defendant ACBE receives federal funding under Title IX of the Educational Amendments of 1972. It is denied that the correct United States Code Annotated citation for this amendment is 10 U.S.C. § 1681(a).

55. The allegations contained in Paragraph 55 of the Complaint are denied, with strict proof demanded thereof.

56. The allegations contained in Paragraph 56 of the Complaint are denied, with strict proof demanded thereof.

57. The allegations contained in Paragraph 57 of the Complaint are denied, with strict proof demanded thereof.

58. The allegations contained in Paragraph 58 of the Complaint are denied, with strict proof demanded thereof.

59. The allegations contained in Paragraph 59 of the Complaint are denied, with strict proof demanded thereof.

60. The allegations contained in Paragraph 60 of the Complaint are denied, with strict proof demanded thereof. These Defendants affirmatively deny that they are liable to the Plaintiffs for any of the damages alleged in the Complaint.

61. Responding to the allegations contained in Paragraph 61, it is denied that Defendant Knight had the authority and capacity to investigate and discipline the incident alleged in the Plaintiffs' Complaint, as Defendant Knight was not the principal of the school the involved students attended or where the alleged event occurred. It is admitted Defendant Bell does have the authority and capacity to investigate and discipline students who attended a school within the Alcoa City School District and have allegedly committed student-on-student sexual harassment, and, it is further admitted, he has the ability to allow law enforcement to take over an investigation wherein a specific crime was alleged, which is what occurred in this matter.

62. The allegations contained in Paragraph 62 of the Complaint that E.R. was harassed and/or that Knight or Bell knew of such harassment and failed to stop it are denied, and strict proof is demanded thereof. These Defendants specifically deny that Defendant Knight had the authority and capacity to institute corrective measures as she was not the principal of the students who were referenced in the Complaint or of the school where the alleged event occurred. Defendant Bell admits he has authority to institute corrective measures. He denies he failed to act properly or lawfully.

63. The allegations contained in Paragraph 63 and subparagraphs 63(a)-(j) of the Complaint are denied, and strict proof is demanded thereof.

64. The allegations contained in Paragraph 64 of the Plaintiffs' Complaint are denied, with strict proof demanded thereof.

65.     The ACBE denies its employees' actions created a cause of action for the Plaintiffs and the allegations contained in Paragraph 65 of the Complaint regarding *respondeat* superior are denied, with strict proof demanded thereof.

66.     These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 65 as is set out above.  To the extent these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 65, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

67.     The allegations contained in Paragraph 67 of the Complaint are denied, with strict proof demanded thereof.

68.     It is affirmatively maintained that the ACBE complied with Tenn. Code Ann. § 49-2-120 at all times relevant; accordingly, the allegations contained in Paragraph 68 of the Complaint are denied, with strict proof demanded thereof.

69.     The allegations contained in Paragraph 69 of the Complaint are denied, with strict proof demanded thereof.

70.     The allegations contained in Paragraph 70 of the Complaint are denied, with strict proof demanded thereof.

71.     The allegations contained in Paragraph 71 of the Complaint are denied, with strict proof demanded thereof.

72.     The allegations contained in Paragraph 72 of the Complaint are denied, with strict proof demanded thereof.

73.     The allegations contained in Paragraph 73 of the Complaint are denied, with strict proof demanded thereof.

74. These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 73 as is set out above. To the extent these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 73, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

75. The allegations contained in Paragraph 75 of the Complaint are denied, with strict proof demanded thereof.

76. Paragraph 76 of the Complaint asserts an incorrect statement of the law and the allegations in Paragraph 76 are denied, with strict proof demanded thereof. These Defendants affirmatively maintain they are immune from the claims raised against them and maintain that their immunity has not been removed as is required to impose liability as provided under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201, et seq.

77. The allegations contained in Paragraph 77 of the Plaintiffs' Complaint, including subparts (a) through (f), are denied, with strict proof demanded thereof.

78. The allegations contained in Paragraph 78 of the Plaintiffs' Complaint are denied, with strict proof demanded thereof.

79. These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 78 as is set out above. To the extent these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 78, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

80. The allegations contained in Paragraph 80 of the Plaintiffs' Complaint are denied, with strict proof demanded thereof.

81.     The allegations contained in Paragraph 81 of the Plaintiffs' Complaint, including subparts (a) through (e) are denied, with strict proof demanded thereof.  These Defendants deny the Plaintiffs are entitled to damages in any amount.  These Defendants deny any liability to the Plaintiffs.

82.     It is denied that these Defendants are liable to the Plaintiffs under any theory of law and for any amount of damages and it is denied the Plaintiffs are entitled to receive any award given by a trier of fact.

83.     These Defendants reaffirm, restate and continue to maintain each and every admission or denial previously raised in Paragraphs 1 through 82 as is set out above.  To the extent these Defendants have not specifically admitted or denied an allegation made in Paragraphs 1 through 82, then said claims, allegations or assertions made against them are now fully and completely denied as if the same is specifically set out herein.

84.     The allegations contained in Paragraph 84 of the Complaint are denied, with strict proof demanded thereof.

85.     In response to the Plaintiffs' prayer for relief, these Defendants deny that the Plaintiffs are entitled to recover under any theory of law.  All allegations in the Complaint not heretofore admitted, denied or explained are now hereby expressly denied.  These Defendants further deny that the Plaintiffs are entitled to an award of compensatory, punitive and/or any other form of damages, including but not limited to attorney's fees and cost.

86.     These Defendants affirmatively assert that Plaintiffs' Complaint fails to state a claim upon which relief can be granted against them and it should therefore be dismissed as a matter of law.

87.     These Defendants deny the Plaintiffs are entitled to recover under any theory of law and all allegations in the Complaint not heretofore admitted, denied, or explained are now expressly denied.

88.     The individually-named Defendants affirmatively raise and rely upon any and all immunities to which they are entitled, both qualified and/or absolute, and assert that at all times these Defendants acted reasonably, lawfully, in good faith and without deliberate inference to the Plaintiffs' constitutional rights.  The individually named Defendants affirmatively aver that they are entitled to qualified immunity under state and federal law as it relates to all claims raised against them.

89.     The Defendants affirmatively raise and rely upon any and all immunities and defenses that exist and are available to them pursuant to the Tennessee Governmental Tort Liability Act codified at Tenn. Code Ann. § 29-20-101, et seq.  These Defendants would further affirmatively rely, to the extent applicable, on the public duty doctrine which is recognized as common law immunity for actions of government officials in furtherance of the course and scope of their employment.  Therefore, the Plaintiffs may not recover from the Defendants for the claims alleged against them.

90.     These Defendants aver that punitive damages cannot be awarded under the Tennessee Governmental Tort Liability Act, 42 U.S.C. § 1983 and/or 42 U.S.C. § 1988 against governmental entity defendants.  Therefore, Plaintiffs' claim for punitive damages should be denied and stricken.

91.     The individually named Defendants affirmatively aver that they are immune from suit from any action whatsoever under Title IX.  Further, the claims raised against them under Title IX fail to state a claim upon which relief may be granted and should be dismissed.

92.     These Defendants affirmatively raise the doctrine of modified comparative fault as a defense to the state law claims raised by the Plaintiffs.  These Defendants specifically allege that any alleged injuries sustained by the minor Plaintiff that he may prove at trial could have only come about as the result of the acts of the alleged perpetrators identified in Plaintiffs' Complaint. The trier of fact should be allowed to consider the actions of the alleged perpetrators identified in the Plaintiffs' Complaint as being the sole and proximate cause of any injuries or alleged injuries sustained by the minor Plaintiff.  The trier of fact should be allowed to place percentages of fault on the alleged perpetrators that should mitigate and/or bar any recovery against these Defendants. Further, to the extent the proof would reveal that the alleged minor perpetrators described in the Complaint were known to have a propensity to engage in the acts that are further described in the Complaint, then the trier of fact should be allowed to place percentages of fault on the parents of the alleged perpetrators through this same affirmative defense.

93.     The Plaintiffs have no legally cognizable action against these Defendants for negligent supervision.

94.     Should the proof reveal the same, some or all of Plaintiffs' claims may be barred by the statute of limitations.

95.     Plaintiffs are not allowed to assert the theory of *respondeat* superior against these Defendants under 42 U.S.C. § 1983.  Therefore, Plaintiffs cannot recover from these Defendants.

96.     These Defendants deny that they acted with any deliberate indifference with regard to the minor Plaintiff at any time.  These Defendants would affirmatively rely upon any defenses available to them under 42 U.S.C. § 1983, Title IX, Tenn. Code Ann. § 29-20-101, et seq., and any and all other federal and state laws.

97.     These Defendants maintain the right to amend their answer from time to time and as the needs of justice may so require it upon the ascertainment of additional information obtained through the discovery process.

98.     These Defendants hereby request that a jury be empaneled to try all issues allowable as a matter of law.

99.     These Defendants affirmatively maintain that they are entitled to a recovery of all costs in this cause allowable by law, including, but not limited to, attorney fees and discretionary costs pursuant to 42 U.S.C. § 1988.

RESPECTFULLY submitted this 14th day of February, 2019.

> ALCOA CITY SCHOOLS BOARD OF EDUCATION d/b/a ALCOA CITY SCHOOLS; DR. BRIAN BELL, Individually and as Director of Alcoa City Schools; MICHELLE KNIGHT, Individually and as Principal of Alcoa Intermediate School; SCOTT PORTER, Individually and as Principal of Alcoa Middle School; JOSH STEPHENS, Individually and as Athletic Director of Alcoa City Schools; and BRIAN GOSSETT, Individually and as an Employee of Alcoa City Schools

> By: /s/ Benjamin K. Lauderback
> BENJAMIN K. LAUDERBACK, BPR NO. 20855
> EMILY C. TAYLOR, BPR NO. 027157
> Attorneys for Defendant
> WATSON, ROACH, BATSON,
> ROWELL & LAUDERBACK, P.L.C.
> 1500 Riverview Tower
> 900 South Gay Street
> P.O. Box 131
> Knoxville, Tennessee  37901-0131
> (865) 637-1700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Jacob E. Erwin
THE ERWIN LAW FIRM
P.O. Box 6650
Maryville, Tennessee 37802

Dated this 14th day of February, 2019.

/s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK, BPR NO. 20855